Gillen *v.* Perlow, Appellant.

Argued April 21, 1948. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Ralph S. Croskey,* with him *John J. Dautrich* and *Croskey & Edwards,* for appellant.

*Thomas I. Guerin,* for appellee.

PER CURIAM, May 24, 1948:

The sole problem presented by this appeal was a disputed question of fact which was submitted to a jury. We affirm the judgment of the court below on the following pertinent excerpt from the opinion of Judge GERALD F. FLOOD:

"The motion for judgment n. o. v. must be refused. Taking the testimony most favorably to the plaintiff, the evidence is that it was her duty to inspect defendant's truck before it pulled away. That being so, the jury could infer, even though she might not have said so in so many words, that she was entering the truck on her employer's business when she was injured. Since under the evidence this had to do with the business arrangement between plaintiff's employer and the de-

342

fendant, plaintiff was a business invitee. If she was a business invitee, defendant had the duty not to do anything to harm her and to warn her of any danger that she might incur by going into the truck if that danger was not obvious. Straight v. Goodrich Co., 354 Pa. 391 (1946). If, without warning, the defendant's driver pulled away while the doors of the truck were still open, and plaintiff was injured as a result, it was competent for the jury to find that her injuries resulted from the defendant's negligence. The evidence in favor of the plaintiff at this trial was considerably stronger than that given at the previous trial before Judge LEVINTHAL. We agree with what he said at that time in refusing defendant's motion for judgment n. o. v."

Judgment affirmed.